In the Matter of Thomas W. HALL, Debtor.

Thomas W. HALL, Plaintiff/Appellant,

v.

Margaret Martin HALL, Defendant/Appellee.

Civ. A. No. 285–83.

United States District Court, S.D. Georgia, Brunswick Division.

June 24, 1985.

William S. Orange, Brunswick, Ga., for plaintiff/appellant.

Kyle Yancey, Mapleton, Ga., for defendant/appellee.

## ORDER

ALAIMO, Chief Judge.

Debtor Thomas Hall challenges Bankruptcy Judge Herman W. Coolidge's ruling that an obligation incurred under the terms of Hall's divorce decree is nondischargeable in Hall's pending Chapter 7 action. The Court has reviewed the order appealed from and considered the parties' briefs, and shall affirm the bankruptcy court's decision.

## FACTS

The facts are succinctly set out in the bankruptcy court's order. Thomas and Margaret Hall were married in 1950. At that time, and until his retirement in 1970, Thomas Hall served in the United States Army. Mrs. Hall was a homemaker during her husband's service career.

In 1982, the Halls were divorced. The issues of alimony and property division were subsequently submitted to a jury in Cobb County, Georgia, the decision of which was incorporated into a 1984 judgment. The current case involves the following award:

> The plaintiff MARGARET HALL is awarded as an equitable division of property thirty-eight per cent (38%) of the military retirement of the defendant THOMAS W. HALL.

The judgment provides that payments of Mrs. Hall's share of the pension shall be made by the United States directly to Mrs. Hall. In closing, the judgment states that the jury found against Mrs. Hall on the issue of alimony.

On August 31, 1984, two months after entry of the property judgment, Thomas Hall filed his Chapter 7 petition. Among the debts from which he sought discharge, Hall included the award to his former wife of 38% of his retirement pension.

After a trial on the issue, Judge Coolidge ruled on two alternative grounds that the award to Mrs. Hall is not dischargeable. The court relied primarily on its determination that the award did not create a debt at all. The court reasoned that, with entry of the state court judgment, the right to payment of 38% of the pension was taken from Thomas Hall and vested in Mrs. Hall. The court considered itself without power to divest Mrs. Hall of her property interest in the pension. Alternatively, the court concluded that the payments were in the nature of support and, accordingly, made nondischargeable by 11 U.S.C. § 523(a)(5).

## DISCUSSION

■ The bankruptcy court characterized Mrs. Hall's interest in the pension as a vested property interest, rather than a debt subject to discharge. Classification of the interest which resulted from division of the pension is a mixed question of law and fact which this Court must review *de novo*. *See In re Bedingfield*, 42 B.R. 641, 644 (S.D.Ga.1983). Having independently considered the facts and the relevant law, the Court agrees that the final judgment of the state superior court gave Mrs. Hall a nondischargeable property interest in 38% of her former husband's pension.

The Cobb County Superior Court awarded the pension to Mrs. Hall as an "equitable division of property." Under *Stokes v. Stokes*, 246 Ga. 765, 273 S.E.2d 169 (1980), Georgia courts are permitted to divide equitably between divorcing spouses property which the spouses acquired during marriage. In making an equitable distribution of marital property, a court may award to one spouse property owned during the marriage by the other. *Stokes*, 246 Ga. at 771, 273 S.E.2d 169.

Under Georgia's version of equitable distribution, property which is distributed upon divorce to a spouse becomes the sole and separate property of that spouse. *See Moore v. Moore*, 249 Ga. 27, 28, 287 S.E.2d 185 (1982). Precisely this occurred upon entry of the judgment in the property proceeding between the Halls. The judgment set aside as Mrs. Hall's separate property 38% of the pension proceeds due her husband. As a result of the judgment, the United States must make pension payments separately to Thomas Hall and Margaret Hall. In effect and in fact, Mrs. Hall became a federal pensioner in her own right when she received an equitable share of her former husband's pension.

Even if Mrs. Hall's claim were to constitute a debt, as opposed to an interest in property, the debt would not be one owed by Thomas Hall to Mrs. Hall. For purposes of Title 11 of the U.S. Code, "debt" means liability on a claim. 11 U.S.C. § 101(11) (1982). Division of the pension indeed gave Mrs. Hall a "claim" to the funds. However, "liability" for that claim rests with the United States, not with Thomas Hall. Under the state court order and federal statute, the United States is responsible for making good Mrs. Hall's claim. Hall has no duty to make payments from the pension funds to his former wife. He has no power to terminate the Government's payments to her without ending as well the payments to himself. The rights and responsibilities created by the property division resulted in no debt between Mr. Hall and Mrs. Hall, as the term debt is defined in 11 U.S.C. § 101(11).

In concluding that Mrs. Hall has a nondischargeable property interest in the pension, the Court considers the federal policy expressed in the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 ("the Act"). A brief history of the Act reveals its salutary purpose. The Supreme Court held in *McCarty v. McCarty*, 453 U.S. 210, 11 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that military pensions were not divisible community property of the pensioner and his or her spouse. The decision drew a legislative response, aimed at protecting military spouses' interests in military retirement pay. As Senator Jeremiah Denton commented: "Those wives who have loved and served as wives and mothers for many years deserve more than mere recognition. They are entitled to a degree of security." S.Rep. No. 502 on Title X of Pub.L. 97–252, 97th Cong., 2d Sess. 43, *reprinted in* 1982 U.S. Code Cong. & Ad. News 1555, 1596, 1626.

Congress enacted § 1408 to overrule the *McCarty* decision. The section permits courts to "treat disposable retired or retainer pay payable to a member … either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1) (1982). Pursuant to the authority of this statute, the Georgia court correctly considered Thomas Hall's pension as marital property, divisible between Hall and his wife upon divorce.[1]

The provisions of the Act indicate Congress' understanding that division of a pension invests the spouse with a separate property interst in his or her share. Section 1408(d)(1) requires the United States to make pension payments directly to a spouse upon receipt of a court order for division. If division of the pension created only a debt between the pensioner and the spouse, payment of the spouse's share would be left to the pensioner. Section 1408(c)(2)'s prohibition against transfer of a spousal share indicates no congressional intent to diminish the quality of a spouse's pension interest. This provision merely extends to spouses the limitations on alienation which are applicable to the pensioners themselves. *See* S.Rep., *supra* at 16, 1982 U.S. Code Cong. & Ad. News at 1611.

The Court is persuaded that equitable division of the pension between the Halls gave Mrs. Hall a nondischargeable property interest in 38% of the pension. *Contra Matter of Story*, 36 B.R. 546, 548 (Bankr. M.D.Fla.1983); *but see In re Thomas*, 47 B.R. 27, 32–33 (Bankr.S.D.Cal.1984) (stating that spouse receiving share of pension upon division of community assets holds separate, nondischargeable interest in pension receipts). This interpretation of the pension award squares with the Georgia law of equitable distribution. In addition, shielding pension awards from discharge in bankruptcy serves the interests which motivated Congress to pass the Uniformed

Services Former Spouses' Protection Act. For these reasons, this Court concludes that the bankruptcy court correctly refused to discharge the obligation arising from the pension award.

■ As an alternative basis for its decision, the bankruptcy court ruled that the pension award was in the nature of support and, as such, nondischargeable under 11 U.S.C. § 523(a)(5). Federal law controls the characterization of a claim as one for alimony or support for purposes of determining dischargeability. *Erspan v. Badgett*, 647 F.2d 550, 555 (5th Cir. Unit A 1981); *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984) (Wisdom, J., sitting by designation). Thus, the bankruptcy court in the case at bar properly considered whether the state court's equitable division of the pension was in fact an award in the nature of support.

■ The bankruptcy court's determination that the pension award was intended to provide for Mrs. Hall's support is a finding of fact. *See Matter of Crist*, 632 F.2d 1226, 1228–29 (5th Cir.1980), *cert. denied*, 451 U.S. 986, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981). A reviewing court may disregard a bankruptcy court's finding of fact only if the finding is clearly erroneous. *Birmingham Trust National Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985). This Court discerns no error in the bankruptcy court's factual determination and shall affirm the bankruptcy court on the alternative ground that the pension award created a nondischargeable support obligation.

## CONCLUSION

The bankruptcy court's ruling that the pension award to Margaret Hall is not dischargeable in the Chapter 7 action of Thomas Hall is hereby AFFIRMED.

---

1. *McCarty* ruled that pensions could not be considered community property, in states following a community property regime. However, neither the legislative history of § 1408 nor its language indicate that the benefit of this section extends only to military spouses living in community property states. This Court understands § 1408 to permit also a classification of military pensions as marital property, subject to equitable distribution.