*556
 
 PATRICK E. HIGGINBOTHAM, Circuit Judge:
 

 We are asked to decide whether a debtor in Chapter 7 Bankruptcy may discharge as debt the portion of his monthly Army retirement benefits awarded to his wife pursuant to a divorce decree. We conclude that the debtor may not discharge these monthly payments as debt because they are the sole property of the debtor’s former spouse. Accordingly, we affirm the judgment below.
 

 I
 

 On May 28, 1980, a Texas state court entered a decree of divorce terminating the marriage of Richard and Rachel Chandler. The divorce decree awarded Mrs. Chandler $450.00 per month from Mr. Chandler’s monthly United States Army retirement benefits “as [Mrs. Chandler’s] sole and separate property.” In addition, the decree designated Mr. Chandler as trustee to receive the $450.00 awarded to Mrs. Chandler and remit it to her.
 

 Mr. Chandler complied with the terms of the decree until June 1981, when he stopped paying the $450.00 to Mrs. Chandler. Mrs. Chandler argued that Mr. Chandler stopped making payments because of the Supreme Court’s decision in
 
 McCarty v. McCarty,
 
 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981),
 
 [1]
 
 which held that the supremacy clause of the United States Constitution precludes a state court from dividing military nondisability retirement pay on divorce pursuant to the state’s community property laws.
 

 On September 9, 1982, in response' to
 
 McCarty,
 
 Congress enacted the Uniformed Services Former Spouse’s Protection Act, Pub.L. No. 97-252, 96 Stat. 730 (1982) (codified as amended at 10 U.S.C. § 1408 and other scattered sections). Under this act, for pay periods after June 25, 1981, a court may divide military retirement pay between spouses in accordance with the law in that court’s jurisdiction. In addition, the Act and its accompanying regulations, 32 C.F.R. pt. 63, establish a procedure by which the Army can pay directly to the former spouse the portion of the service member’s benefits awarded t.o the former spouse under a divorce decree. In 1983, Mrs. Chandler applied to the United States Army for direct payments of the $450.00. The Army notified Mr. Chandler that it would begin direct payments to Mrs. Chandler unless he contested the state court divorce decree. Accordingly, Mr. Chandler filed a bill of review in state court to set aside the divorce decree. The Army, pursuant to the proposed regulations, then began to hold the $450.00 monthly payments in escrow pending resolution of the state proceedings.
 

 Meanwhile, Mr. Chandler filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas seeking to discharge debt to, among others, Mrs. Chandler. Pursuant to the automatic stay provisions of the bankruptcy code, the Army stopped collecting Mrs. Chandler’s $450.00 payment in escrow, and Mr. Chandler began receiving the entire pension. Mrs. Chandler filed an objection to discharge, and the bankruptcy court rendered judgment in her favor, concluding that the $450.00 portion of the monthly payments was Mrs. Chandler’s sole property. Thus, Mrs. Chandler was entitled to $450.00 from each future payment and was entitled to arrearages totaling $12,150.00 from February 1983 through April 1985, the date on which the bankruptcy court rendered its decision. The court also ruled that the portion of the $12,150.00 not held in escrow by the Army and not forwarded to Mrs. Chandler by Mr. Chandler, was a nondischargeable debt under 11 U.S.C. § 523(a)(4) and 11 U.S.C.
 
 *557
 
 § 523(a)(5).
 
 [2]
 
 Mr. Chandler appealed the bankruptcy court’s decision to the United States District Court for the Northern District of Texas, which affirmed.
 

 After the bankruptcy court’s ruling, the Army again began to withhold the $450.00 from Mr. Chandler’s monthly benefits. In addition, the Army notified Mr. Chandler that under the revised regulations it would suspend payments to a former spouse only if the court issued a stay of execution; contesting the order was no longer sufficient to suspend payments. The Army thereafter released the funds to Mrs. Chandler. It has continued to make payments directly to Mrs. Chandler because there never has been a stay of execution.
 

 II
 

 Mr. Chandler argues that Mrs. Chandler failed to amend her complaint within the time requirements of the bankruptcy code to include claims under § 523(a)(4) and § 523(a)(5), that in any event Mrs. Chandler’s claims under these provisions were not supported by substantial evidence, that the district court abused its discretion, and that the district court’s findings of fact were clearly erroneous.
 
 [3]
 
 Mr. Chandler also asserts that the bankruptcy court lacked jurisdiction to determine that Mrs. Chandler qualified for direct payments from the Army.
 

 We are persuaded that Mrs. Chandler’s position in her original complaint, that the $450.00 monthly payments are her sole property and not simply an obligation of Mr. Chandler’s, is correct. The divorce decree awarded Mrs. Chandler $450.00 per month from Mr. Chandler’s monthly army retirement benefits “as [Mrs. Chandler’s] sole and separate property,” which is permissible under Texas law.
 
 See Cearley v. Cearley,
 
 544 S.W.2d 661, 666 (Tex.1976). The Supreme Court subsequently held that the supremacy clause of the Constitution precludes a state court from dividing military nondisability retirement pay pursuant to a state’s community property laws.
 
 See McCarty v. McCarty,
 
 453 U.S. 210, 235, 101 S.Ct. 2728, 2742, 69 L.Ed.2d 589 (1981). Nevertheless,
 
 McCarty
 
 does not apply retroactively to divorce decrees that were final before the decision.
 
 Segrest v. Segrest,
 
 649 S.W.2d 610, 613 (Tex.1983). Thus, the 1980 decree awarding Mrs. Chandler monthly payments from Mr. Chandler’s Army retirement pay remains valid, and Mr. Chandler cannot discharge as debt any payments arising after the filing of his bankruptcy petition.
 

 Furthermore, since Mrs. Chandler does not seek payment for arrearages that Mr. Chandler withheld before filing his bankruptcy petition, we need not address Mr. Chandler’s contentions regarding § 523(a)(4) and § 523(a)(5).
 
 [4]
 
 Mrs. Chandler
 
 *558
 
 waived her claim to payments before February 1983. The $12,150.00 bankruptcy court award represented payments owing from February 1983 through April 1985. The Army had withheld fourteen of those payments totaling $6,300.00 during the pendency of the bankruptcy action. After judgment, the Army paid that sum to Mrs. Chandler, and Mr. Chandler was credited with the fourteen payments from February 1983 to April 1984. Mrs. Chandler also waived her claim to payments for May, June, July, and August of 1984, leaving only $4,050.00 of payments owing after the filing of the bankruptcy petition. Mrs. Chandler now seeks only the $2,700.00 Mr. Chandler deposited into the bankruptcy court’s registry pursuant to the court’s order. Since all of that amount, as we have held, is Mrs. Chandler’s property and reflects funds received after the bankruptcy petition was filed, 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(5) are not applicable. The judgment is AFFIRMED.
 

 [1]
 

 . Mr. Chandler contended below that he ceased making payments when he learned that Rachel Chandler’s prior marriage never had been dissolved. He later filed a bill of review in the state court to declare void his marriage of over thirty years to Mrs. Chandler, but the trial court has not rescinded the divorce judgment of May 28, 1980; therefore, the provisions in that judgment awarding Mrs. Chandler a portion of Mr. Chandler's Army retirement benefits remain valid.
 

 [2]
 

 . These provisions state:
 

 A discharge under ... this title does not discharge an individual debtor from any debt—
 

 (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
 

 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement....
 

 11 U.S.C. § 523(a) — (b) (1979 & Supp.1986).
 

 [3]
 

 . Mr. Chandler also filed a motion for contempt in the district court claiming that the Army and Mrs. Chandler failed to comply with the stay pending appeal, which the bankruptcy court allegedly included in its order. The district court denied the motion, as did a panel of this circuit. In any event, the Army was not in contempt for paying funds to Mrs. Chandler in accordance with the Department of Defense’s regulations.
 

 [4]
 

 .Mr. Chandler’s other contentions are without merit. He argues that the bankruptcy court was not a competent court, and without jurisdiction, to find that Mr. and Mrs. Chandler were married during at least 10 years of Mr. Chandler's . military service, which is a prerequisite to direct payments under 32 C.F.R. § 63.3(d). The bankruptcy court, however, did not order the Army to make direct payments. The court simply noted that the record indicated that Mr. and Mrs. Chandler were married at least 10 years of Mr. Chandler’s military service. Mr. Chandler fails to show that this finding is clearly erroneous. In addition, there is no support for Mr. Chandler's contentions that the district court abused its discretion in upholding the bankruptcy court’s ruling and that the district court’s findings are clearly erroneous.