**In re John Joseph CORRIGAN, Jr., Debtor.**

**Joyce M. CORRIGAN, Plaintiff,**

**v.**

**John Joseph CORRIGAN, Jr., Defendant.**

Bankruptcy No. 87–02181–N.
Adv. No. 88–0712–N.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Nov. 16, 1988.

Francis P. Hajek, Weinberg & Stein, Norfolk, Va., for Joyce M. Corrigan.

Frank J. Santoro, Marcus and Santoro, Portsmouth, Va., and Beril M. Abraham, Pender & Coward, Virginia Beach, Va., for John Joseph Corrigan, Jr.

John E. Robins, Hampton, Va., Chapter 13 Trustee.

Debera Frick Conlon, Office of the U.S. Trustee, Norfolk, Va.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

This case is a matter of first impression. On August 17, 1987, the debtor filed a chapter 13 plan listing the plaintiff as a "Class 9" creditor relative to the debtor's obligation to pay her a portion of his military retirement pension under a final decree of divorce. The plaintiff has filed a motion for summary judgment in conjunction with her complaint for determination of non-dischargeability of the debt and relief from stay to pursue collection of her portion of the debtor's military retirement pension.

### Background

Pursuant to the final decree entered September 6, 1985, by the Circuit Court of the City of Virginia Beach, the debtor was required to pay to the plaintiff:

a) $100.00 per month for spousal support;

b) $46,000.00 lump sum upon sale of certain marital real estate; and

c) $59,373.33 as a monetary award as the present value of her marital portion of the debtor's military retirement pension paid in monthly installments.

On April 17, 1987, the Circuit Court entered a decree clarifying the final decree with regard to payment of monetary award. This subsequent decree directed the debtor to pay to the plaintiff, by government allotment, 50% of the debtor's disposable retired pay as defined in 10 U.S. C. Section 1408(a)(4) and (a)(4)(C). The debtor's counsel was directed to notify the Navy Family Center Allowance Activity in Cleveland, Ohio, of the decree in order that the plaintiff would be paid directly by the government.

### Contentions

The plaintiff asserts that her marital portion of the government allotment of the military retirement pension is non-dischargeable since it became a direct obligation of the United States government rather than of the defendant. Second, the plaintiff purports that the monetary award of the pension was in the nature of alimony, maintenance and support and was thus excepted from dischargeability under 11 U.S.C. § 523(a)(5).

The debtor contends that the plaintiff should be bound by the chapter 13 plan since it was confirmed on October 26, 1987, and the plaintiff, though afforded adequate notice, failed to forward any objections during or prior to the confirmation hearing. The debtor further states that the military retirement pension obligation owed to the plaintiff pursuant to the final decree was not in the nature of alimony, maintenance or support, but rather was a dischargeable division of property between the parties.

### Court Findings

Contrary to the debtor's contention, this Court finds that the plaintiff should not be barred from asserting her claim, confirmation of the plan notwithstanding. Bankruptcy Rule 4007 clearly provides an opportunity for a plaintiff to bring forth a dischargeability complaint. Furthermore, 11 U.S.C. § 1328(a)(2) and (c)(2) specifically except a section 523(a)(5) debt from being discharged in a Chapter 13 case. Accordingly, to bar the plaintiff from asserting her complaint would be inconsistent with both statute and principles of equity.

The Court grants the plaintiff's motion for summary judgment based on two theories. First, as a matter of law, upon the April 17, 1987, decree of the Circuit Court, the debtor's obligation to pay the plaintiff from the military pension *vested* and was clearly transferred to the government. Second, this Court holds that the debt was in the nature of alimony, maintenance and support and is, therefore, non-dischargeable under 11 U.S.C. Section 523(a)(5).

Section 1408 of Title 10 of the U.S. Code was enacted by Congress on September 8, 1982, in response to a Supreme Court ruling that military pensions were not divisible community property of the pensioner and his or her spouse. See *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The legislation was known as the Uniformed Services Former Spouses' Protection Act ("The Act"). The provisions of The Act indicate Congress' understanding that division of a pension invests the spouse with a separate and distinct interest in his or her share. *Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985).

In addition, The Act's accompanying regulations, 32 C.F.R. Part 63, established a procedure by which a government entity can pay directly to the former spouse the portion of the service member's benefits awarded to the former spouse under a divorce decree. 32 C.F.R. Part 63.5 states, "It is the policy of the Uniformed Services to honor a former spouse's request for direct payment from a given member's retired pay in enforcement of a court order that provides for alimony, child support, or division of property...." The plaintiff has a vested legal right in her court-ordered share of the defendant's pension.

In contemplation of these Federal provisions concerning marital distribution, the Circuit Court's final decree and subsequent clarification decree granted the plaintiff a divisible interest in the debtor's pension. Therefore, the plaintiff's interest in the debtor's military retirement pension is not subject to the debtor's bankruptcy proceedings.[1]

Furthermore, upon examination of the decree and pursuant to a hearing of further evidence, this Court concludes that the pension retirement obligation was in the nature of alimony, support and maintenance and is therefore nondischargeable under 11 U.S.C. § 523(a)(5).

For the purposes of determining the dischargeability of a debt under 11 U.S.C. § 523(a)(5), the Bankruptcy Court should make an independent determination as to what constitutes alimony, maintenance, or support in accordance with Federal standard. *In re Vogt*, 14 B.R. 743 (Bkrtcy.E.D. Va.1981). The intent of the parties as to the nature of the obligation at the time that the decree was entered is the controlling factor. *In re Long*, 794 F.2d 928 (4th Cir.1986).

Both parties were given full opportunity to offer evidence as to their intent concerning the obligation and each elected to rely on the provisions of the final decree entered on June 10, 1986, by the Circuit Court of the City of Virginia Beach, to explain their contentions.

Page six of the decree provided for a sum of $105,373.33 to be paid to the plaintiff in the following manner: 1) $46,000.00 cash upon sale of certain real property; and 2) $59,373.33 to be satisfied and paid over time, until paid in full or until the death of either party, whichever occurs first. The latter sum was representative of a portion of the debtor's military retirement pension which the plaintiff would receive monthly at a rate of one-third of the debtor's gross monthly benefits though not to exceed fifty percent of the debtor's gross military retirement pay.

This provision awarding the plaintiff a portion of the debtor's military pension was stated in the decree as being in accordance with Code of Virginia, Section 20–107.3. Although Section 20–107.3 refers to the division of marital property, this Court is not persuaded that the intention of the parties was to divide marital property. It is the intention of the parties which is controlling notwithstanding the labels placed on the provisions within a divorce decree by a state court. See *In re Vogt*, supra at 745 and *In re Long*, supra 931.

Clearly, the intent of the parties in regard to the military retirement pension was to provide monthly payments to the plaintiff in an amount proportionate to the debt-

---

**1.** Since the enactment of 10 U.S.C. Section 1408 and 32 C.F.R. pt. 63, sister courts have consistently held in a like manner. See *Chandler v. Chandler*, 805 F.2d 555 (5th Cir.1987); *In re Story*, 36 B.R. 546 (Bkrtcy.M.D.Fl 1983); *In re* *Thomas*, 47 B.R. 27 (Bkrtcy.S.D.Cal.1985); *Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985); and *Manners v. Manners*, 62 B.R. 656 (Bkrtcy.Mont. 1986).

or's monthly award. If for any reason, the debtor's benefits would decrease or discontinue, his obligation to the plaintiff would decrease accordingly.

Furthermore, the decree provided that upon the death of either party the plaintiff's obligation would terminate. This demonstrates the parties' concern about the economic safety of the plaintiff rather than a resolution of a dispute over division of marital property. See *Matter of Albin*, 591 F.2d 94 (9th Cir.1979).

### Conclusion

The Court hereby grants the plaintiff's motion for summary judgment and declares that the debtor's obligation to the plaintiff is not dischargeable pursuant to the debtor's Chapter 13 proceedings. The plaintiff's entitlement to benefits under the debtor's military retirement pension is now the legal obligation of the government and is not affected by the debtor's Chapter 13 proceedings. In the alternative, the Court finds that the obligation to the plaintiff is in the nature of alimony, maintenance and support and is non-dischargeable under 11 U.S.C. § 523(a)(5).