In re Charles Edward SOMMERVILLE, Tina Ann Sommerville, Debtors.

Charles Edward SOMMERVILLE, Plaintiff,

v.

Marilyn Annette PYLE, Defendant.

Adv. No. 90–0103.

United States Bankruptcy Court, M.D. Alabama.

Oct. 24, 1990.

Collier H. Espy, Dothan, Ala., for debtors.

Philip C. Vitek, Austin, Tex. and Gary A. Hudgins, Dothan, Ala., for defendant.

Kenneth R. Jones of Georgiana, Ala., Trustee.

## OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY

RODNEY R. STEELE, Chief Judge.

This adversary proceeding in Chapter 7 asks whether debtor's obligation to pay 40 percent of his military retirement to defendant, his ex-spouse, is a dischargeable debt. The parties agreed to submit the question on briefs and the record. Defendant has filed a motion for summary judgment.

The complaint asserts that the obligation is a dischargeable debt because it does not meet the requirements of Title 11, U.S.C. § 523(a)(5); it is not alimony or support, but is an obligation in the nature of a property settlement.

Defendant says the obligation is nondischargeable for three reasons:

(1) It is alimony or support; (2) debtor is a trustee under the decree of divorce from Texas, and has no interest in the 40 percent, or his obligation to pay over to defendant the 40 percent is nondischargeable under § 523(a)(4); (3) in the alternative, the decree of divorce gives defendant a property interest in debtor's military retirement, and debtor's obligation is not a debt, and is therefore not dischargeable.

### FACTS

Plaintiff/debtor and defendant were married on April 22, 1968. They were divorced in the District Court of Travis County, Texas on November 7, 1989.

Debtor and his present wife filed this Chapter 7 on April 18, 1990, in the Middle District of Alabama.

The Texas divorce decree provided for the division of the marital estate. In a separate section "Military Retirement Benefits," the court found factually that debtor's military retirement benefits qualified under the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408) and awarded defendant 40 percent of debtor's gross retirement benefits, present and future. This award was in the form of a judgment. The decree also expressly made debtor a trustee of the 40 percent and he was ordered as trustee to pay over to the defendant that 40 percent within three days after receipt by mail in the form of a negotiable instrument. Any payments directly to defendant by the U.S. Government were to be credited against his trust obligation.

Thereafter, the United States apparently paid defendant this 40 percent directly until the filing of this bankruptcy.

CONCLUSIONS

The award of 40 percent was undoubtedly intended to be a form of support for the defendant. The divorce decree, however, does not designate it as alimony or support, and makes no findings which would support that conclusion. The affidavit of counsel is of little weight here.

But the award of 40 percent is an award to defendant which becomes her sole and separate property. *In re Chandler*, (5th Cir.1986), 805 F.2d 555, ordered this results under Texas law in a Chapter 7 bankruptcy; the debtor-retiree's discharge could not affect his former spouse's rights to a portion of debtor's military retirement benefits.

This conclusion is further supported in *Bush v. Taylor*, (8th Cir.1990) 912 F.2d 989. The *en banc* opinion, on remarkably similar facts, reads: (at headnote 2)

> ... As the courts below held, the facts of this case give rise to a trust relationship between Alvin Taylor and Bush. Her share of the pension was her sole and separate property and Alvin Taylor received it (via the monthly pension checks) as a constructive trustee for her benefit....

Moreover, the constructive trust theory applies here equally to pre- and post-bankruptcy petition obligations of debtor to pay these benefits to defendant. See footnote 6 to *Bush v. Taylor, supra.* Debtor is obliged to pay any moneys received representing the 40 percent. The trust obligation is nondischargeable under 11 U.S.C. § 523(a)(4). The U.S. Army Finance and Accounting Center is obliged, if its regulations are complied with, to resume payments to defendant of that 40 percent.

The debtor's obligation is thus not dischargeable.

An appropriate order will enter.