**In re Curtis Lee FRISTOE, Debtor.**

**Joyce A. FRISTOE, Plaintiff,**

**v.**

**Curtis Lee FRISTOE, Defendant.**

**Bankruptcy No. 5–92–00548.
Adv. No. 5–92–00040.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 5, 1993.

Thomas D. Logie, Front Royal, VA.

Charles A. Butler, Jr., Winchester, VA.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court for decision arises as a result of a motion for summary judgment filed by Joyce A. Fristoe in the above-captioned adversary proceeding. She seeks a determination that her entitlement to forty-five percent (45%) of the military retirement pension of Curtis Lee Fristoe, the defendant, is a non-dischargeable debt in Mr. Fristoe's Chapter 7 proceeding. Both parties to the litigation concede that there are no material facts in dispute. For the reasons stated in this decision and order, the court holds that Mr. Fristoe owed no debt to Mrs. Fristoe as of the date of the filing of the petition for relief. Accordingly, the motion for summary judgment will be denied and the adversary proceeding will be dismissed.

### Facts

On November 21, 1985, the parties to this litigation were divorced pursuant to a final decree entered by the Circuit Court of Warren County. There was no property settlement agreement and all matters as to division of property and support were litigated before the Circuit Court. Attached to the plaintiff's complaint as an exhibit is the final decree of the Circuit Court. In paragraph 5 of the final decree, the Circuit Court grants permanent spousal support to Mrs. Fristoe in the amount of $25.00 a month. Paragraph 6 of the final decree addresses the issue of equitable distribution. It finds that the husband's military retirement pension is marital property and makes the following award:

a. Plaintiff is awarded 45% of the present value of Defendant's military retirement pension, or a total amount of $50,-137.20, as calculated in the letter opinion of June 12, 1985.

(1) To satisfy this obligation, Defendant is directed to pay to Plaintiff a sum equal to one-half (½) of Plaintiff's gross monthly pension benefit, with such payments being made on the 15th day of each month, beginning on November 15, 1985. These payments shall continue until Defendant has paid to Plaintiff the sum of $50,137.20.

In 1992, Mrs. Fristoe returned to the Circuit Court of Warren County because her former husband had not made any distribution to her of her percentage share of the military retirement pension since September of 1990. Mrs. Fristoe moved the court for a determination of the remaining value of her share of the military retirement and requested that the court direct the Army to make her property distribution directly to her under the Uniform Services Former Spouses Protection Act and the Act's accompanying regulations, 32 C.F.R. Part 63. Mr. Fristoe did not appear to respond to Mrs. Fristoe's motion in the Circuit Court of Warren County. On January 13, 1992, the Circuit Court determined that the remaining value of her share of the military retirement pension was $28,-797.84. The Circuit Court also directed that the Army Finance and Accounting Center make a direct distribution to Mrs. Fristoe of her property pursuant to 32 C.F.R. 63.6(h)(10).

This court has examined the November 21, 1985, final divorce decree and the modification of that decree dated January 13, 1992. It is clear from the wording of the divorce decree and the modification to the final divorce decree that the Circuit Court of Warren County treated Mr. Fristoe's military retirement pension as part of the division of property between the parties and did not intend to designate the military retirement pension allocated to Mrs. Fristoe as alimony, maintenance, or support.

However, whether the allocation was pursuant to a division of property or for alimony, maintenance or support is not dispositive of the discharge issue. The discharge issue turns on the question of whether Mr. Fristoe was indebted to Mrs. Fristoe on September 8, 1992, the date of the filing of his petition for relief.

*Law*

11 U.S.C. § 101(12) defines debt as "liability on a claim." 11 U.S.C. § 101(5) defines claim as follows:

> (5) 'Claim' means—
>
> (A) right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

■ On November 21, 1985, the Circuit Court of Warren County awarded to Mrs. Fristoe forty-five percent (45%) of the present value of Mr. Fristoe's military retirement pension. The court went on to quantify the value of the property awarded to Mrs. Fristoe as $50,137.20. Thus, on November 21, 1985, the Circuit Court of Warren County granted Mrs. Fristoe a divisible interest in the debtor's military retirement pension. As of the date that the November 21, 1985 decree became final and non-appealable, Mrs. Fristoe was vested with a property interest in debtor's military retirement pension having a value of $50,137.20. *In re Corrigan*, 93 B.R. 81, 82 (Bankr. E.D.Va.1988). In like manner, Mr. Fristoe was divested of this property and had no ownership interest in it whatsoever. *Matter of Ledvinka*, 144 B.R. 188, 192 (Bankr. M.D.Ga.1992).

The divorce decree of November 21, 1985, also established a procedure for the distribution to Mrs. Fristoe of her property.

Mr. Fristoe was directed to distribute to her one-half (½) of his gross monthly pension on a monthly basis, beginning on November 15, 1985, less $90.00 to account for the disproportionate tax effect arising from the distribution. See paragraph 6a.(1), *supra*. Mr. Fristoe was nothing more than a conduit for distribution of Mrs. Fristoe's property to her pursuant to the divorce decree. Nevertheless, as of November 21, 1985, Mrs. Fristoe had a right to payment from Mr. Fristoe and a debt existed under 11 U.S.C. § 101(5)(A).

The direction to Mr. Fristoe to pay one-half (½) of his monthly military pension to Mrs. Fristoe also gave rise to a claim against Mr. Fristoe under section 101(5)(B) of the Bankruptcy Code. If Mr. Fristoe failed to deliver to Mrs. Fristoe her property pursuant to the divorce decree, Mrs. Fristoe had a cause of action in state court for breach of performance which would give rise to a right to payment.

■ The claim of Mrs. Fristoe against Mr. Fristoe existed until the decree of the Circuit Court of Warren County on January 13, 1992, which ordered payment directly from the Army Finance and Accounting Center to Mrs. Fristoe. At that point, Mr. Fristoe ceased being the conduit for distribution to Mrs. Fristoe of her property. Thereafter, Mrs. Fristoe's right to payment came from the Army and any claim which Mrs. Fristoe had against Mr. Fristoe was extinguished. *See, In re Sadowski*, 144 B.R. 566, 568 (Bankr.M.D.Ga.1992). Given the Code definitions of "claim" and "debt" *supra*, as a matter of law, when Mr. Fristoe filed his bankruptcy petition on September 8, 1992, Mr. Fristoe had no debt owing to Mrs. Fristoe. Therefore, there is no debt to discharge in Mr. Fristoe's Chapter 7 proceeding. Accordingly, it is

ORDERED:

That the plaintiff's motion for summary judgment is DENIED, and this complaint proceeding is DISMISSED.