In the Matter of Frank A. CALIFF, Jr., Debtor.

Dianne WILLIAMS, Plaintiff,

v.

Frank A. CALIFF, Jr., Defendant.

Bankruptcy No. 92–81719.
Adv. No. 95–80270.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

May 10, 1996.

Teresa Ryder, Huntsville, AL, for plaintiff.

Jack Sabatini, Huntsville, AL, for debtor/defendant.

## ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on the motion of Dianne Williams, (hereinafter the "plaintiff"), for summary judgment in conjunction with her complaint seeking a determination of the effect of debtor's Chapter 7 discharge on certain child support and military retirement benefits awarded to plaintiff in the parties' divorce decree entered by the Circuit Court of Madison County, Alabama on October 16, 1990. The hearing in this matter was held on the 30th day of April, 1996. Upon due consideration of the evidence presented at the hearing, arguments of counsel, and the documents submitted in support thereof, the Court finds that no genuine issue of material fact exists in this adversary proceeding.

On August 5, 1992, debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The debtor listed the plaintiff as a general unsecured creditor in Schedule F of his petition, in the amount of $3,000.00, and designated the claim as child support.

The debtor filed a motion to convert his Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code on August 23, 1995. Contemporaneously therewith, debtor filed an amendment adding creditors to his Chapter 7 case, and listed plaintiff as a creditor without indicating the amount owed to plaintiff nor designating the nature of plaintiff's claim. In response thereto, plaintiff filed the above-styled adversary proceeding seeking a determination of the effect of debtor's Chapter 7 discharge on debtor's child support and retirement obligations to plaintiff.

At the hearing, debtor conceded the non-dischargeable nature of the subject child support obligation pursuant to 11 U.S.C. § 523(a)(5) of the Bankruptcy Code. Accordingly, the only question before the Court is the effect of debtor's Chapter 7 discharge upon plaintiff's interest in debtor's military retirement benefits.

With regard to the issue of military retirement benefits, the parties divorce decree provided that:

13. The Wife [plaintiff] shall receive forty-five percent (45%) of any and all retirement pay the Husband [debtor/defendant] is entitled to upon retirement. The payments shall be made monthly and by direct allotment.

The divorce decree further required debtor to make certain child support payments. In violation thereof, debtor failed to make numerous child support and retirement benefit payments to plaintiff in the aggregate amount of approximately $12,945.85. On May 5, 1994, the Circuit Court of Madison County, Alabama modified the parties divorce decree. Under the terms of the modification, the debtor is to pay the child support and retirement arrearage by direct allotment from debtor's military retirement benefits. The debtor has complied with the provisions of his modified divorce decree, but remains approximately $9,000.00 in debt to plaintiff for the arrearage.

■ Plaintiff alleges that the award of forty-five (45) percent of debtor's retirement pay is a nondischargeable obligation because the award is the sole and separate property of the plaintiff, and, therefore not a debt subject to discharge under the Bankruptcy Code. Debtor disputes plaintiff's characterization of debtor's military retirement obligation as being a nondischargeable interest in property. Instead, debtor argues that the military retirement obligation is in the nature of a property settlement, and is subject to a determination of dischargeability under 11 U.S.C. § 523(a)(15) of the Bankruptcy Code.

■ Disposable military retirement benefits are not debts as defined by 11 U.S.C. § 101(12) of the Bankruptcy Code, but rather, constitute the sole and separate property of a debtor's former spouse where the spouse received an award of a portion of debtor's military retirement benefits pursuant to a divorce decree or other order of court. *See Farrow v. Farrow (In re Farrow)*, 116 B.R. 310 (Bankr.M.D.Ga.1990) (finding that plaintiff's interest in debtor's military pension was the sole and separate property of plaintiff rather than a debt of the debtor). Congress proscribed the treatment to be afforded to a former spouse of a retired military service member in the Uniformed Services Former Spouses Act (hereinafter "USFSPA"). 10 U.S.C. § 1408 (1990). Section 1408(c)(1) of the USFSPA provides that:

> a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

*Id.*

Since the enactment of the USFSPA, courts have consistently held that a "plaintiff's interest in [a] debtor's military retirement pension is not subject to the debtor's bankruptcy proceeding." *Corrigan v. Corrigan (In re Corrigan)*, 93 B.R. 81 (Bankr. E.D.Va.1988). In the case of *Chandler v. Chandler*, 805 F.2d 555 (5th Cir.1986), the court determined that the Chapter 7 debtor could not discharge the award of a portion of his military retirement pension to his ex-wife where the divorce decree provided that the ex-wife was awarded $450.00 per month from debtor's retirement benefits as her "sole and separate property." *Id.* at 555. Debtor argues that *Chandler* is not applicable to the instant case because the divorce decree in *Chandler* specifically provided that the award of debtor's military retirement benefits to his former spouse was to become the "sole and separate property" of his former spouse while the divorce decree in this case does not contain similar language.

The Court, nevertheless, finds that the military retirement benefit provision in the parties divorce decree created a vested legal right to 45% of debtor's retirement pay in plaintiff. In the case of *In re Corrigan*, the bankruptcy court found that the plaintiff had a "vested legal right in her court-ordered share of the defendant's pension" where the parties' divorce decree awarded fifty (50) percent of the debtor's military pension to the plaintiff by direct allotment. *In re Corrigan*, 93 B.R. at 82. The court in *In re Corrigan* determined that the USFSPA "invests the spouse with separate and distinct interest in his or her share" of the debtor's military pension. *Id.*

In the case of *Walston v. Walston,* 190 B.R. 66 (Bank.E.D.N.C.1995), a state court entered a divorce decree dissolving the matrimonial bonds of the parties, but reserved the plaintiff's claim for an equitable distribution of all marital property, including debtor's military pension, for a later determination. During the interim, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. The bankruptcy court determined that the plaintiff's interest in debtor's military pension was a proprietary interest, rather than a creditor's claim upon debt despite the fact that the state court had not yet entered a judgment declaring the pension to be marital property. The bankruptcy court determined that applicable state law defined military pensions as marital property subject to equitable division. Accordingly, the court found that an equitable distribution of debtor's pension was imminent.

■ The USFSPA authorized states to define military retirement benefits as marital property subject to equitable division. *Vaughn v. Vaughn,* 634 So.2d 533 (Ala.1993). After careful examination of the USFSPA and applicable state law, the Alabama Supreme Court changed the law of this state by determining that military retirement benefits "accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." *Vaughn v. Vaughn,* 634 So.2d 533 (Ala.1993).

Based upon the foregoing, the Court believes that as a matter of law the plaintiff's interest in debtor's military retirement income is the sole and separate property of the plaintiff, and is not subject to discharge.

It is therefore ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff's motion for summary judgment be and hereby is GRANTED.
2. Plaintiff's interest in debtor's military retirement income is not a mere claim upon debt, but, instead, is a nondischargeable proprietary interest.

Done and Ordered.