**In Re Kenneth Eugene DAHLIN, Debtor.**

**Jesusita DAHLIN and Leslie D. Guhl, Plaintiffs,**

v.

**Kenneth Eugene DAHLIN, Defendant.**

**Bankruptcy No. 88–00413–NN–B. Adv. No. 88–0131–NN–B.**

United States Bankruptcy Court, E.D. Virginia, Newport News Division.

Dec. 9, 1988.

Richard W. Hudgins, Newport News, Va., for plaintiffs.

Stephen A. Dunnigan, Newport News, Va., for debtor.

Debera F. Conlon, Asst. U.S. Trustee, Norfolk, Va.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

Plaintiffs Jesusita Dahlin and Leslie Guhl seek to have their claims against the debtor, Kenneth Eugene Dahlin, declared non-dischargeable. Mrs. Dahlin and the debtor were divorced in the District Court of Galveston County, Texas, on December 20, 1979. On May 2, 1988, the debtor filed a chapter 7 petition listing the plaintiffs as unsecured creditors relative to the provisions of the decree of divorce and its subsequent order.

Mrs. Dahlin seeks to have a determination of non-dischargeability for her claims of: (1) $7,418.16 plus interest for her portion of the debtor's military retirement pension. The plaintiff, Leslie Guhl, Mrs. Dahlin's attorney, seeks a determination of non-dischargeability of a $300.00 claim for her representation of Mrs. Dahlin as provided for in the decree of divorce.

### Background

Pursuant to the final decree entered December 29, 1979, by the County Court of Lubbock County, Texas, the debtor was required to pay to the plaintiff $300.00 per month for child support. The decree also approved a property settlement and support agreement which entitled the plaintiff to the following:

a) 1965 Chevrolet automobile;

b) household furniture and furniture owned by the parties;

c) plaintiff's personal property; and

d) a proportionate share of the retirement benefits earned by the debtor through the United States Air Force.

On September 8, 1987, the Family Court of Galveston County, Texas, entered an order on a motion for clarification of the final decree. This subsequent order stated that the sum of $7,418.16 for retirement benefits received by the debtor during April 1984 through June 1987 was to be considered as held in trust by him for the benefit of Mrs. Dahlin. [Exhibit C.]

### Contentions

At trial, the parties stipulated that the debtor's child support obligation of $1,094.27 is a non-dischargeable debt and the debtor concedes that this specific obligation is unaffected by his Chapter 7.

However, the debtor contends that the military retirement pension obligation and all attorney's fees owed to the plaintiffs pursuant to the property settlement and support agreement were not in the nature of alimony, maintenance or support. Therefore, the debtor argues that they are dischargeable debts incurred from the divi-

sion of property between the debtor and his former wife.

The plaintiff Jesusita Dahlin asserts that her marital portion of the debtor's retirement pension is non-dischargeable since it actually vested as her own property and held in trust by the debtor for her benefit pursuant to the divorce decree and the order of the Family Court of Galveston County, Texas, on September 8, 1987.

### Court Findings

The Court finds that the plaintiff Jesusita Dahlin's claim is non-dischargeable since it vested at the time the decree was entered and the debtor, as trustee, has defaulted on his fiduciary obligations relative to 11 U.S.C. § 523(a)(4).

The Court also finds that the plaintiff Leslie D. Guhl's claim for attorney's fees is non-dischargeable as in the nature of alimony, support and maintenance under 11 U.S.C. § 523(a)(5). Where State Courts make these awards, the law is universal that these be included in support, etc.

█ The debtor actually became a trustee for Mrs. Dahlin at the time the divorce decree was entered and Mrs. Dahlin's legal interest in her portion of the benefits was vested. The following provisions are from the property settlement and support agreement which was incorporated as part of the divorce decree:

A. It is agreed that Wife shall own, possess and enjoy, free from any claim of the Husband, the following property presently owned by the parties: ...
A portion of the retirement benefits earned by the Husband through the United States Air Force during the marriage of the parties.... The Wife's portion of such retirement benefits are to be paid to her simultaneously with the receipt of such retirement benefits by the Husband. Husband agrees to cooperate, to the extent possible, in causing the United States Government to pay the Wife's proportion of such retirement benefits direct to her, and in event such arrangement

cannot be made, then Husband shall hold the Wife's proportion of such retirement benefits in trust for her as such benefits are received by him and he shall promptly remit to the Wife her proportionate share thereof.

On September 8, 1987, the Family Court of Galveston County, Texas, entered an order clarifying the final decree, specifically stating that the plaintiff's portion of the military retirement pension benefits were being held in trust by the debtor on the plaintiff's behalf. The order states:

That Plaintiff JESUSITA DAHLIN have and recover from KENNETH E. DAHLIN judgment for the amount of $7,418.16 for retirement benefits received by KENNETH E. DAHLIN from April 1984 through June 1987 and *held in trust* by him for the benefit of JESUSITA DAHLIN. [Emphasis added.]

This order reenforced the intention of the divorce decree and property settlement and support agreement of placing the debtor in a fiduciary capacity with only an equitable interest in the benefits to which Mrs. Dahlin had a vested legal ownership. Her position is much greater than as a lienholder or secured creditor. The benefits became the sole and separate property of Mrs. Dahlin and the debtor only received benefits as trustee.

An express trust was created.

The Uniformed Services Former Spouses' Protection Act, Section 1408 of Title 10 of the U.S. Code, permits the division of military pensions between spouses. This Act was enacted by Congress on September 8, 1982, in response to a Supreme Court ruling that military pensions were not divisible community property of the pensioner and his or her spouse. See *McCarty v. McCarty*, 453 U.S. 210, 11 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The provisions of The Act indicate Congress' understanding that division of a pension invests the spouse with a separate property interest in his or her share. *Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985).[1]

---

1. Since the enactment of 10 U.S.C. Section 1408 and 32 C.F.R. pt. 63, sister courts have consistently held that the decree creates a vested interest for the spouse. See *Chandler v. Chandler,*

This Court finds that a valid *expressed* trust agreement was created as an integral part of the property settlement agreement. The trust arrangement gave rise to a fiduciary relationship and the debtor committed a defalcation by defaulting on his obligation in violation of that relationship. Since a debt arising from "defalcation while acting in a fiduciary capacity" is not dischargeable under 11 U.S.C. § 523(a)(4), he cannot discharge Mrs. Dahlin's claim in a Chapter 7 proceeding.

The true obligor of her portion of the debtor's pension benefits is the government and not the debtor. Mrs. Dahlin has the right to request direct payments from the U.S. Government. See *Chandler v. Chandler*, 805 F.2d 555 (5th Cir.1986), and 32 C.F.R. Part 63. Her right remains unaffected by the debtor's Chapter 7 proceedings.

█ Finally, the Court holds that the debtor's $300.00 obligation to the plaintiff Leslie Guhl is non-dischargeable. Mrs. Guhl's claim, arises from the remaining balance owed from her representation of Mrs. Dahlin in the divorce proceedings. Since this obligation arises from Mrs. Guhl's attempt to secure child support as well as her own fiscal interests, this Court finds that the obligation is in the nature of alimony, support and maintenance for purposes of 11 U.S.C. § 523(a)(5) and is therefore non-dischargeable.[2] In the alternative, pursuant to 11 U.S.C. § 105(a), this Court finds it improper to allow the debtor to discharge this obligation.

### Conclusion

The Court hereby declares that the debtor's obligations to the plaintiffs are not dischargeable pursuant to the Debtor's Chapter 7 proceedings. The debtor is merely a trustee to Mrs. Dahlin's portion of the retirement benefits and cannot use these Chapter 7 proceedings to deprive Mrs. Dahlin from her portion of the pension benefits after violating his fiduciary obligations. Furthermore, the Court finds that the debtor's obligation to the plaintiff, Leslie Guhl, is in the nature of alimony, maintenance and support and is non-dischargeable under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 105(a).

805 F.2d 555 (5th Cir.1987); *In re Story*, 36 B.R. 546 (M.D.Fl.1983); *In re Thomas*, 47 B.R. 27 (S.D.Cal.1985); *Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985); and *Manners v. Manners*, 62 B.R. 656 (Mont.1986).

**2.** For an explanation of the Court's criteria in determining whether a debt is in the nature of alimony, support or maintenance, see *In re Corrigan*, 93 B.R. 81 (E.D.Va.1988).