**In re Mustafa A. MUHAMMAD, Debtor.**

**Jose ALVERIO, Plaintiff,**

**v.**

**Mustafa A. MUHAMMAD, Defendant.**

**Bankruptcy No. 91 B 1956.**
**Adv. No. 91 A 0211.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 25, 1991.

Edward A. Berman, Chicago, Ill., for plaintiff.

Gregory A. Mitchell, Chicago, Ill., for debtor and defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary case came on for trial, evidence was admitted and considered, and the parties gave final argument. The Court now makes and enters Findings of Fact and Conclusions of Law:

### *Findings of Fact*

1. Defendant is an attorney at law admitted to practice by the Supreme Court of Illinois.

2. Plaintiff Jose Alverio is a creditor of the Debtor–Defendant Mustafa A. Muhammad, based upon default judgment entered in the Circuit Court of Cook County, Illinois in *Alverio v. Muhammad,* Case No. 89 M1–12577. That judgment was entered on November 6, 1989, in the amount of $14,-999.00 and costs, based on legal malpractice committed by Defendant.

3. On May 20, 1987, Plaintiff retained Defendant to represent Plaintiff and to file a dissolution of marriage action. On May 21, 1987 in *In re Marriage of Alverio,* Circuit Court of Cook County, Illinois, No.

87 D 9894, a dissolution of marriage action was filed by Plaintiff's wife Nancy Alverio.

4. When Plaintiff retained the Defendant, he paid Defendant the sum of $500.00 as a retainer. The Chicago Divorce Association referred Plaintiff to Defendant.

5. On May 29, 1987, Nancy Alverio obtained entry of an *ex parte* order in her case requiring Jose Alverio to pay the mortgage, taxes and utilities, granting her temporary custody of the minor children, enjoining the disposition of assets, and directing that the order remain in effect for a period of six months.

6. On July 7, 1987, an order was entered setting the dissolution cause for prove-up as a default. The prove-up was then continued to July 16, 1987 at which time Nancy Alverio testified and her petition was proved. Also on July 7, 1987, she filed an Amended Petition for Dissolution of Marriage. Jose Alverio was held in default of the Amended Petition by order entered on July 20, 1987.

7. On August 18, 1987, the Defendant filed his appearance in, and on September 10, 1987 filed his client's response to, the Petition for Dissolution. These pleadings were filed late without leave of court.

8. On September 10, 1987, Defendant filed an Emergency Petition on behalf of Plaintiff to Modify the *ex parte* order of May 29, 1987. On September 16, 1987, Defendant appeared in court one hour late, after an order had been entered striking Jose Alverio's Emergency Petition to Modify the *ex parte* order of May 29, 1987. That Motion to Modify the *ex parte* order had been served on opposing counsel and filed with the Circuit Court Clerk, but the required filing fee had not been paid by Defendant. Jose Alverio's motion was stricken for failure of Debtor to appear and argue the motion. No motion was ever filed by Debtor thereafter to revive that motion or seek a hearing on the Emergency Petition to Modify the *ex parte* order.

9. On November 1, 1987, an order was entered in the dissolution case declaring Jose Alverio in default for failure to appear or answer, and granting leave to Nancy Alverio to file and proceed on her Amended Petition for Dissolution of Marriage. A Judgment of Dissolution of Marriage was entered in her favor on or about November 6, 1987.

10. On November 9, 1987, Jose Alverio, through his attorney, Debtor Muhammad, filed a Motion to Vacate Default drafted by Debtor prior to November 6, 1987 and never revised. On November 9, 1987 an order was entered which continued the Motion to Vacate without a set date, in order for Alverio's counsel to contact the downstate Judge temporarily assigned in Cook County who had entered the default order and judgment to see if and when that Judge could hear the Motion to Vacate. Defendant ascertained that Judge was not scheduled to return to Cook County, but Defendant took no steps to bring his pending motion on for hearing before one of the regularly assigned judges sitting on dissolution cases.

11. On March 18, 1988, a Notice of Motion and Motion to Deny Jose Alverio's Motion to Vacate were presented by Nancy Alverio's attorney. The motion papers were served on Debtor by mail in January of 1988. On March 18, 1988, an order was entered granting Nancy Alverio's Motion to Deny for failure of Jose Alverio to comply with the Circuit Court's rule that required calling up motions for hearing within thirty days of filing. The order struck the Motion which Defendant had filed to vacate both the default order of July 20, 1987 and the Judgment for Dissolution of November 6, 1987. Debtor took no action thereafter to change, vacate or appeal that order, or to revive his motion, and never informed Plaintiff of these events.

12. On or about October 20, 1987, Plaintiff retained Defendant to represent Plaintiff in a second case, and paid Defendant the further sum of $50.00. Pursuant to this retention, Defendant paid a $20.00 filing fee and filed his appearance and an answer on behalf of Plaintiff in the second case, *Caballeros v. Alverio*, pending in the Circuit Court of Cook County, Illinois, as Case No. 87 M1–173593. In this case, Alverio was sued for a debt involving a second mortgage on his house.

13. A default judgment was entered against Alverio in the *Caballeros* case on December 22, 1987 when Defendant failed to appear for trial or to cause the case to be continued. Defendant did not check the court file or clerk's docket before or after December 22, 1987, to check the court dates and case status, nor did he move to vacate the judgment once it was entered. Defendant did not inform Plaintiff of the judgment and the consequences under law of the default judgment and of not filing a motion to vacate that judgment within thirty days of December 22, 1987.

14. Although retained on May 20, 1987, to represent Plaintiff in his matrimonial matter, and on October 20, 1987 to represent Plaintiff in the suit by Caballeros for $11,147.26, Debtor did not talk to Plaintiff after October 20, 1987, or send Plaintiff any letters, bills, copies of pleadings, or inform Plaintiff of the status of his matters, after the latter date. Nor did Debtor withdraw from either case as attorney for Plaintiff.

15. In the case of *Caballeros v. Alverio* after Defendant learned of the judgment entered against Plaintiff on December 22, 1987, no effort was made by Defendant to vacate that judgment. Subsequently, garnishments of Alverio's wages proceedings were instituted to satisfy that judgment.

16. Defendant did not file a motion to vacate pursuant to Section 2–1401 of the Illinois Code of Civil Procedure, Ch. 110 Ill.Rev.Stats. ¶ 2–1401, in either the *Caballeros* or *In re Marriage of Alverio* cases.

17. Thereafter, Jose Alverio retained another attorney, Edward A. Berman, P.C., who filed a Notice of Appeal in the dissolution case on April 18, 1988. Mr. Berman prosecuted that appeal to the Illinois Appellate Court, First District, but on March 16, 1989 the Judgment of Dissolution of Marriage was affirmed.

18. Through his new counsel, Plaintiff made demands and requests of Defendant to pay back and refund to Plaintiff all fees paid by Plaintiff to Defendant by letters of April 21, 1988, May 5, 1988, August 5, 1988, October 28, 1988 and January 11, 1989. On or about June 2, 1988, Defendant signed a substitution of attorneys in *In re Marriage of Alverio* and turned over part of his files to Plaintiff's new attorneys. Defendant did not, however, return any part of the attorneys' fees paid to him by Plaintiff.

19. Remarks of the Court at the conclusion of trial, and facts set forth in the Conclusions of Law, will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

### A. *Jurisdiction*

United States District Courts have subject matter jurisdiction over cases under Title 11 of the United States Code and over proceedings arising under, arising in, or related to a case under Title 11. 28 U.S.C. § 1334. The United States District Court for the Northern District of Illinois through Local Rule 2.33 has referred such cases and proceedings to the bankruptcy judges in this district as authorized under 28 U.S.C. § 157(a).

In core proceedings arising in or arising under Title 11, a bankruptcy judge may "hear and determine" the proceeding. 28 U.S.C. § 157(b)(1). This proceeding to determine the dischargeability of a debt is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### B. *Nondischargeability*

█ The judgment obtained by Plaintiff against Defendant in state court should not be discharged in Defendant's bankruptcy because the debt represented by it was for injuries willfully and maliciously inflicted. Section 523 of the Bankruptcy Code provides that: "... (a) A discharge under section 727 ... does not discharge an individual debtor from any debt ... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

The conduct of Defendant here is practically the same as that of Defendant in *In re Dvorak*, 118 B.R. 619 (Bankr.N.D.Ill. 1990), a case with reasoning and citation of authority that controls the result here. The conduct of Defendant here, in failing

to take steps to seek vacation of the two default judgments after learning they had been entered, and in failing to inform his client and withdraw in favor of new counsel in time for new counsel to obtain redress, constituted willful and malicious conduct because it guaranteed harm to the client in each case and he knew that such harm would result. *In re Dvorak,* 118 B.R. at 627.

For Defendant's judgment obligation to Alverio to be nondischargeable under § 523(a)(6), Alverio must prove that Defendant's conduct was both wilful and malicious. *In re Kimzey,* 761 F.2d 421, 424 (7th Cir.1985). Under § 523(a)(6), "willful" means deliberate or intentional. *In re Condict,* 71 B.R. 485, 487 (N.D.Ill.1987). Intent is not proven by establishing mere "reckless disregard." *United Bank of Southgate v. Nelson,* 35 B.R. 766, 774–76 (N.D.Ill.1983). "Malicious" means wrongful and without just cause or excuse, even in the absence of personal hatred or ill will. *Condict,* 71 B.R. at 487. In other words, Debtor's conduct was malicious if he was substantially certain that his actions or inactions would result in injury to Alverio, but acted or omitted to act in disregard of that knowledge. *In re Schultz,* 89 B.R. 28, 29 (Bankr.E.D.Wis.1988).

When Debtor eventually filed but failed to pursue a motion to set aside the default judgment in *In re Marriage of Alverio,* he was aware of the harsh consequences to Alverio of such inaction: adjudication of property, marital, and child custody rights by default. With full knowledge that the *Caballeros* judgment would stand and be collected, Debtor also failed to file and pursue a motion to vacate that judgment. "A finding of malice does not require a finding of ill will, but rather a lack of just cause or excuse." *Condict,* 71 B.R. at 488. Debtor's conduct in these regards was inexcusable and resulted in an inevitable injury to his client in two cases, an injury that he knew would result from his inaction in each case.

Had Debtor presented and pursued motions to vacate within 30 days in each case, he likely would have obtained redress from the default orders. Ch. 110, Ill.Rev.Stats. ¶ 2–1301(e). Had Debtor taken steps to confess his error to the client and withdraw from the two cases promptly even after thirty days, new counsel for Alverio would have had a good argument under Section 2–1401 of the Illinois Civil Practice Act in both cases, Ch. 110, Ill.Rev.Stats. ¶ 2–1401. *See Dvorak,* 118 B.R. at 628. It was Debtor's astonishing inaction and indifference to his client's fate that locked in harm to the client. That included his indifference and inaction even after he learned of the default judgment in the matrimonial case, commenced a motion to vacate the adverse order and then abandoned it. That also included his failure to follow the case and appear for court dates and trial in *Caballeros.* Such inaction and indifference constituted willful and malicious conduct because it guaranteed harm to the client. It was that inaction in both cases that caused the consequential damages to Plaintiff that were assessed against Defendant by the state court. The amount of such judgment is *res judicata* as to the amount of debt, even though that default judgment is not collateral estoppel as to the underlying facts. *Dvorak,* 118 B.R. at 629.

Accordingly, Debtor's debt to Alverio flowed from his wilful and malicious conduct, not from his mere negligence.

The statements of the Court at the conclusion of trial stands as additional Conclusions of Law.

## CONCLUSION

The evidence established that Debtor's failure to timely file and then his failure to pursue his motion to vacate the default judgment against his client Alverio in the dissolution case was "wilful and malicious." Also, Debtor's failure to pursue his representation of Alverio in the *Caballeros* case resulting in an *ex parte* judgment and in not moving afterwards to vacate that judgment was "wilful and malicious." His failure to disclose these omissions to his client and withdraw in time for new counsel to correct the harm was also "wilful and malicious." Each of those omissions caused and insured harm to the

Plaintiff, and Defendant knew that such would be the consequence.

Defendant's resulting debt to Alverio is excepted from discharge under 11 U.S.C. § 523(a)(6). The amount of Debtor's debt to Plaintiff as a result of those injuries was liquidated by the state court judgment and that monetary judgment is *res judicata* as to the amount of debt. Therefore, the entire total of the state court judgment amounting to $14,999.00 is nondischargeable.

By separate order judgment will enter for Plaintiff.