In re Grayce M. McCARTHY, Debtor.

Denis M. McCARTHY, Plaintiff,

v.

Grayce M. McCARTHY, Defendant.

Bankruptcy No. 93 B 19482.
Adv. No. 93 A 1669.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 26, 1995.

Walter Soroka, Chicago, IL, for plaintiff.

Jeffrey B. Hammerlund, Algonquin, IL, for defendant.

### MEMORANDUM, OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes before the Court on Denis McCarthy's motion for summary judgment [1] in his adversary proceeding to determine the dischargeability of an alleged debt owed to him by the Debtor, Grayce McCarthy. Denis McCarthy's complaint is somewhat peculiar. He first argues that as a result of a divorce decree, he is the sole equitable owner of the funds in a bank account in the Debtor's name. Thus, as he sees it, these funds are not "property of the estate" under 11 U.S.C. § 541(a)(1),[2] and the

---

1. Denis McCarthy brings this motion under Fed. R.Civ.P. 56, made applicable to adversary proceedings in bankruptcy cases by Fed.R.Bankr.P. 7056.

2. 11 U.S.C. § 541(a) provides that "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case. (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—(A) under the sole, equal, or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and allowable claim

obligation to turn over those funds is not a "debt"[3] as that term is used in the Bankruptcy Code. He concludes, therefore, that the fact that this Court awarded his former wife a discharge in her bankruptcy case does not affect her turnover obligation.

Denis McCarthy argues in the alternative that if the divorce court's decree allocation to him of the money in the bank account created a debtor-creditor relationship between his former wife and him, the debt is non-dischargeable in the instant Chapter 7 case because the debt arose from "willful and malicious" conduct by the Debtor.[4]

For the reasons stated below, the Court denies Denis McCarthy's motion for summary judgment on his complaint to determine the dischargeability of Grayce McCarthy's obligation to him. In addition, the Court finds in favor of the defendant on the complaint itself.[5]

## FACTS

Denis and Grayce McCarthy were married in 1967. In 1981, Denis McCarthy shut down his business, McCarthy Battery Distribution Co and retired. In 1989, the McCarthys sold their home and placed the proceeds of the sale in a bank account. They then moved in with Grayce McCarthy's daughter from a prior marriage. The McCarthys' marriage soured, and Denis McCarthy moved out of Grayce McCarthy's daughter's home in 1990, leaving all marital property in Grayce McCarthy's possession. In 1992, Denis McCarthy filed for divorce in the Circuit Court of Cook County, Illinois. The McCarthys were divorced on October 10, 1992.

In the divorce decree issued on that date, as well as in the Supplemental Judgment for Dissolution of Marriage entered on February 4, 1993, the divorce court awarded Denis McCarthy the funds in a savings account at the New Century Bank of Mundelein.[6] Al-

---

against the debtor's spouse, to the extent that such interest is so liable."

However, 11 U.S.C. § 541(d) provides "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

3. The Bankruptcy Code defines a "debt" as a "liability on a claim." 11 U.S.C. § 101(12). According to 11 U.S.C. § 101(5), a "claim" means "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

4. 11 U.S.C. § 523(a) provides that "a discharge under section 727 ... of this title does not discharge an individual debtor from any debt—(6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

5. Fed.R.Civ.P. 54(c) provides that "[e]xcept as to a party against whom a judgment is entered by

default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." *See also Felce v. Fiedler*, 974 F.2d 1484 (7th Cir.1992).

6. The Divorce Decree made the following findings:

  A. The parties possess non-marital property and marital property both real and personal.

  B. A good portion of the marital funds were dissipated by respondent, Mrs. McCarthy, and it is therefore ordered as follows:

  1. Both parties are barred from receiving maintenance from each other, past, present, or future.

  2. Defendant, Grayce M. McCarthy is awarded the Lincoln Towncar automobile as her sole and separate property.

  3. Plaintiff, Denis M. McCarthy, is awarded the remaining funds in the bank.

  4. Plaintiff is awarded the real estate located in Missouri.

  5. Plaintiff is awarded his non-marital silverware and china.

  6. Plaintiff is awarded his tools and personal property.

  7. Plaintiff is awarded the furniture that he brought into the marriage.

  8. Each party shall be responsible for his or her own attorney's fees.

  9. This Court expressly retains jurisdiction of this cause for the purpose of enforcing all the terms of this Judgment for Dissolution of Marriage, including all the terms made between the parties hereto, as hereinabove set forth.

though the money in the account was the remainder of the proceeds from the sale of their marital residence, the account was in Grayce McCarthy's name only.

Grayce McCarthy never turned over these funds to her former husband. Instead, Denis McCarthy alleges that she informed the Illinois Department of Revenue ("D.O.R.") of the fact that her husband owned the funds in the account, even though it was in her name.[7]

On March 5, 1993, the D.O.R. seized the $47,035.10 from the New Century account to be applied against a default judgment the D.O.R. had previously obtained against Denis McCarthy for unpaid taxes owed by McCarthy Battery Distribution Co.[8] The D.O.R. sent notice of this levy to the home of Grayce McCarthy's daughter. Denis McCarthy did not receive actual notice of the pending seizure, and was only told of the seizure by his ex-wife on April 14, 1993, after the D.O.R. had taken the funds.

On April 19, 1993, at Denis McCarthy's request, the Circuit Court of Cook County entered another judgment pursuant to the divorce decree in favor of Denis McCarthy against Grayce McCarthy for $47,110.10, the amount seized by the D.O.R.[9] Grayce McCarthy was unrepresented at that hearing and has filed an appeal from that judgment.

On September 15, 1993, Grayce McCarthy filed a petition under Chapter 7 of the Bankruptcy Code, listing her ex-husband as an unsecured creditor for any liability she has for her failure to turn over property pursuant to the divorce decree.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) as a matter arising under §§ 541(a)(1), 541(d) and 523(a)(6) of the Bankruptcy Code. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (I) as a matter relating to the existence and dischargeability of debts.

The matter is before the Court pursuant to Local Rule 2.33 of the United States District Court for the Northern District of Illinois automatically referring bankruptcy cases and proceedings to this court for hearing and determination.

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the entire record, including pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A court must draw its inferences from the underlying facts in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If a court believes that a rational trier of fact could not find for the non-moving party based on the record taken as a whole, then there is no genuine issue for trial and summary judgment will be granted. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### DISCUSSION

■ Denis McCarthy complaint first addresses whether the divorce decree vested him with an equitable interest in the bank account funds, or whether it created a debtor-or-creditor relationship between Grayce and Denis McCarthy. If the decree created a separate property interest, then Denis McCarthy concludes that the funds in the account are not property of the estate. The Court agrees with the Plaintiff that the decree created a separate property interest which is not property of the estate.[10] How-

---

7. The D.O.R. asserts no claim against Grayce McCarthy on account of these unpaid taxes. She was not liable for the tax.

8. This liability accrued prior to 1981 and the D.O.R. obtained the default judgment in 1985.

9. The divorce court also entered an order on June 11, 1993 requiring the Debtor to turn over certain additional items of personal property to her former husband.

10. State law generally determines whether the debtor has an interest in property. *Barnhill v. Johnson*, 503 U.S. 393, 112 S.Ct. 1386, 118

ever, while Denis McCarthy's legal analysis is probably correct, it is irrelevant to the determination of the issues now before this Court because of the events that took place after the initial divorce decree awarding Denis McCarthy the money in the bank account.

After the Debtor helped the D.O.R. seize the money in the bank account, her former husband sought to have the divorce court enter a judgment against Grayce McCarthy in the amount of the funds seized by the D.O.R., $47,110.10; Denis McCarthy successfully argued in the divorce court that Illinois law provided him with a "claim" against his former wife on account of her actions with respect to the money in the account that could be reduced to judgment. In effect, he was successful in establishing in that court that the debtor's alleged assistance to the D.O.R. in obtaining the account funds gave rise to a debtor-creditor relationship that could be reduced to a monetary judgment in his favor.[11] The Bankruptcy Code defines a "debt" as a "liability on a claim." 11 U.S.C. § 101(12). Among other things, a "claim" includes a right to payment that has been reduced to judgment. *See id.* § 101(5). Thus, while arguably the Debtor originally was a constructive trustee with regard to the bank account funds, the nature of the relationship changed.[12] Had Denis McCarthy truly believed he was not a creditor, he would have sought equitable relief in the divorce court. Clearly, once the D.O.R. cleaned the money out of the account, Denis McCarthy recognized that any rights, legal or equitable, he had against his former wife could now be reduced to a legal claim for damages. That was Denis McCarthy's position in the state court. This position precludes him from contending in this Court that he is not a creditor of the Debtor by virtue of the application of the doctrine of judicial estoppel. *See Patz v. St. Paul Fire & Marine Ins. Co.,* 15 F.3d 699 (7th Cir.

L.Ed.2d 39 (1992); *Jones v. Atchison,* 925 F.2d 209 (7th Cir.1991). Under Illinois law, a joint bank account is marital property subject to division. *See* 750 ILCS 5/503(a). In similar cases involving debtors' pension plans, the majority of courts, including this Court, have determined that divorce decrees dividing the pension proceeds do not create a debtor-creditor relationship between ex-spouses; rather, each party becomes an owner of a portion of the pension. *See Bigelow v. Brown,* 168 B.R. 331 (Bankr.N.D.Ill.1994); *In re Potter,* 159 B.R. 672, 674 (Bankr.N.Y.1993); *In re Byler,* 160 B.R. 178, 180 (Bankr.N.D.Okl. 1993); *In re Chandler,* 805 F.2d 555 (5th Cir. 1986) (monthly army retirement benefits awarded to wife pursuant to divorce decree were sole and separate property of wife and did not become property of debtor's estate); *accord In re Beattie,* 150 B.R. 699, 701 (Bankr.S.D.Ill.1993). Even if the debtor spouse has actual possession of the property, the non-debtor's interest in the property is the non-debtor's separate property and does not become property of the estate. Instead, the debtor spouse holds the non-debtor spouse's property interest as a constructive trustee. *Bigelow v. Brown,* 168 B.R. 331 (Bankr. N.D.Ill.1994); *In re Kinder,* 133 B.R. 151, 152 (Bankr.W.D.Mo.C.D.1991), *citing Bush v. Taylor,* 912 F.2d 989, 993 (8th Cir.1990); *In re Dahlin,* 94 B.R. 79, 81 (Bankr.E.D.Va.1988), *aff'd,* 911 F.2d 721 (4th Cir.1990).

Thus, case law supports a holding by this Court that the McCarthys' divorce decree vested Denis McCarthy with equitable ownership of the remaining funds in the New Century Bank. Grayce McCarthy's obligation to turn over those funds put her in the position of constructive trustee for the benefit of her husband, not a debtor of her husband. In that regard, the Bankruptcy Code embellishes state law concerning trust arrangements by providing that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

If that were the end of the relationship between the McCarthys with respect to the bank account, the debtor's chapter 7 discharge would not affect her duty to turnover the money in the account.

**11.** The fact that the debtor has appealed the judgment prevents that order from being final, and thus precludes application of doctrines of res judicata or collateral estoppel. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987).

**12.** The Court notes that even if the Debtor had remained a constructive trustee, a constructive trustee has no fiduciary obligation, as that term is used in 11 U.S.C. § 523(a)(4). *Matter of Marchiando,* 13 F.3d 1111 (7th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994).

1994); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427–28 (7th Cir.1993).[13]

■ Thus, Grayce McCarthy's "debt" to Denis McCarthy is a debt as that term is defined by the Bankruptcy Code in the amount of some $47,000. That debt is dischargeable in the instant Chapter 7 case unless Denis McCarthy can establish that the debt is nondischargeable under section 523 of the Bankruptcy Code. 11 U.S.C. § 523. It is his position that the debt his former wife owes him resulted from willful and malicious injury to his property occupied by her, and, therefore is nondischargeable under section 523(a)(6) of the Bankruptcy Code. *See* 11 U.S.C. § 523(a)(6); *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994); *In re Muhammad*, 135 B.R. 294 (Bankr.N.D.Ill.1991).

As a matter of social policy, section 523(a)(6) of the Bankruptcy Code prevents a debtor from using a Chapter 7 bankruptcy case to discharge debts for injuries to persons or property resulting from intentional torts committed by the debtor. 11 U.S.C. § 523(a)(6); *see In re Muhammad*, 135 B.R. 294 (Bankr.N.D.Ill.1991). However, social policy also dictates that courts construe exceptions to a bankruptcy discharge narrowly in order to assure an honest debtor the chance of using a Chapter 7 bankruptcy case to get a financial fresh start in life. *See Matter of Paeplow*, 972 F.2d 730 (7th Cir. 1992); *see also First Nat'l Bank of Red Bud v. Kimzey*, 761 F.2d 421 (7th Cir.1985). Thus, Denis McCarthy bears the burden of proving by a fair preponderance of the evidence that Grayce McCarthy's obligation to him falls within the exception to dischargeability set out in section 523(a)(6). *Id.*, at 421; *see also Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The Bankruptcy Code does not define "willful and malicious." The Court of Appeals for the Seventh Circuit recently stated that a court should "give effect to the words of the statute by viewing their plain meaning [citation omitted]. 'Under § 523(a)(6) of the Bankruptcy Code, willful means deliberate or intentional ... [and] [m]alicious means in conscious disregard of one's duties or without just cause or excuse; it does not require illwill or specific intent to do harm.' " *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994), *citing Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986).

In one respect, the Court has little doubt that Grayce McCarthy's actions with respect to the bank account, if proven, were motivated by "willful" and "malicious" sentiments. She knew what she was doing when she assisted the D.O.R. in obtaining the money in the account. Her actions clearly indicate that she was motivated by anger and bitterness towards her ex-husband.

However, the fact that the Debtor's actions appear to be willful and malicious does not necessarily end the matter. The language of section 523(a)(6) also requires by implication that the Plaintiff also prove that her actions were "wrongful" in a legal sense. *See* Collier on Bankruptcy, vol. 3 para. 523.16 (L. King, ed. 15th ed. 1991); *In re Pasek*, 983 F.2d 1524 (10th Cir.1993) (willful and malicious injury requiring not only intentional conduct, but also intentional or deliberate injury). The Plaintiff has not suggested to this Court in all of his pleadings any theory under which the Debtor's actions were legally wrongful, and the Court knows of no reason by which Grayce McCarthy's conduct could be viewed as tortious under Illinois law or, for that matter, under federal common law. *See* Michael Polelle and Bruce Ottley, *Illinois Tort Law*, 215—262 (1985).[14] *See* Prosser and

---

**13.** The doctrine of judicial estoppel prevents a person who has obtained a victory on one ground to repudiate that ground in a different case to win a second victory. *Chaveriat*, 11 F.3d at 1427.

**14.** Bank deposits generally are considered intangible rights, not specific property, which usually will not support a conversion action under Illinois law. *See, e.g., Bachmeier v. Bank of Ravenswood*, 663 F.Supp. 1207 (N.D.Ill.1987). Even if intangible rights could support a conversion action, Denis McCarthy did not have an "absolute and unconditional right to immediate possession of the property," assuming the D.O.R.'s seizure rights were valid. *See, e.g., Sutherland v. O'Malley*, 882 F.2d 1196 (7th Cir.1989). Additionally, Illinois cases alleging trespass to personal property have involved only tangible personal property. Polelle and Ottley, Illinois Tort Law, at 218.

**881**

Keeton on the Law of Torts, 67–159 (5th Ed.1984 and Pocket Part, 1988).[15]

This Court cannot say that Denis McCarthy was injured by the actions of his former wife that led to his being forced to pay a tax obligation he in fact owed. While paying tax obligations may be less than enjoyable and at times may be down right painful, this hardly is the type of "injury" contemplated by section 523(a)(6). Blacks Law Dictionary defines "injury" as "[a]ny wrong or damage done to another, either in his person, rights, reputation or property. The invasion of any legally protected interest of another." Black's Law Dictionary, at 785 (6th Ed.1990). Denis McCarthy suffered no wrong, nor was he damaged by being forced to pay the taxes he truly owed. Nothing in the law protected his interest in the funds in the bank account against seizure by the tax collector to compel payment of his tax debt. In fact, Grayce McCarthy's actions with respect to the money in the bank account not only are not wrongful, but are, in one sense, commendable. To encourage all to pay what they owe in taxes to the government is in society's best interest.[16] This assures that the costs of government are allocated fairly and that no taxpayer must bear an unfair burden because others fail to pay their shares. Therefore, conduct which assists the tax collector should be applauded, not condemned.[17]

Thus, regardless of Grayce McCarthy's motives in alerting the taxing authorities to the existence of the bank account, Denis McCarthy suffered no "injury" as that term is used in section 523(a)(6) as a result of her actions in connection with the bank account. To sanction the Debtor for taking actions that benefitted the State of Illinois and its citizens would be contrary to both the public interest and the "fresh start for an honest debtor" philosophy underlying the Bankruptcy Code.

The Plaintiff's complaint and pleadings fail to allege a crucial element of section 523(a)(6), injury resulting from wrongful conduct by the Defendant. Therefore, not only does the Plaintiff's motion for summary judgment fail, but the Plaintiff's complaint must fail as well. Judgment on the complaint will be entered in favor of the defendant.

### ORDER

Enter order that Plaintiff's motion for summary judgment is denied. Further ordered that judgment is entered in favor of the Defendant on Plaintiff's complaint to determine the dischargeability of the debt allegedly owed to the defendant by the plaintiff.

**15.** "Not every failure to deliver upon demand ... will constitute a conversion. The defendant does not become a converter when the goods are no longer in his possession or control, so that the defendant is unable to comply with the demand, even though they may have been lost or destroyed through the defendant's own fault." Prosser and Keeton on the Law of Torts, at 99.

**16.** "[T]he twentieth century has brought an increasing realization of the fact that the interests of society in general may be involved in disputes in which the parties are private litigants. The notion of 'public policy' involved in private cases in not by any means new to tort law, ... but it is only in recent decades that its influence on tort law has been openly considered in judicial decisions." Prosser & Keeton on the Law of Torts at 15 (5th Ed.1984).

**17.** The Court notes that federal law actually provides incentives for those persons who provide information that leads to the detection of any person guilty of violating internal revenue laws or conniving to do so. 26 U.S.C. § 7623; see also Reg. § 301.7623–1; see generally Mertens Law of Federal Income Taxation, § 49D.30 "Reward to Informers in Aid of Assessment and Collection" (1987). The Court knows of no equivalent Illinois law.